**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:04-CV-5347 OWW |
| ) | |
| Petitioner, ) | 1:96-CR-5135 AWI |
| v. ) | |
| ) | **ORDER DENYING CERTIFICATE** |
| WAY QUOE LONG, aka Wayson ) | **OF APPEALABILITY** |
| Long, AKA Joe Lee Young, aka Sean ) | |
| Young, ) | |
| ) | |
| Respondent. ) | |

Petitioner Way Quoe Long ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The court denied Petitioner's petition. Petitioner filed a notice of appeal, and the Ninth Circuit has directed this court to determine whether a certificate of appealability should be granted or denied.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

 (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
 (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may

not be taken to the court of appeals from–
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

The court has reviewed this action.  The court does not find that reasonable jurists would disagree with the court's finding that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the court hereby ORDERS that no application for  a certificate of appealability is shall be issued.

IT IS SO ORDERED.

Dated:    April 24, 2012                                    _____
                                                            CHIEF UNITED STATES DISTRICT JUDGE